UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE CRUMP,

        Plaintiff,

    v.

TREVELYON JONES (Badge No. 8026),
Oakland Police Department Officer, *et al.*,

        Defendants.
_____/

No. C-11-2679 EMC (pr)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Steve Crump filed this *pro se* civil rights action under 42 U.S.C. § 1983. Although he now is in custody at the Santa Rita County Jail, he was not in custody at the time he filed this complaint. His complaint is now before the Court for review under 28 U.S.C. § 1915.

## II.    BACKGROUND

In his complaint, Steve Crump alleges the following: On February 12, 2011, Oakland Police Department officer Trevelyon Jones "went to Cal State East Bay and requested and seized [Crump's] laptop computer, without his knowledge, from the university's campus police, while petitioner was in custody at Santa Rita County Jail." Complaint, p. 3. Upon his release from custody, Crump tried to retrieve his computer and learned that officer Jones had taken it. Crump made numerous attempts to contact officer Jones and was unable to retrieve his computer from Jones or the Oakland Police Department. He initially was told falsely that the computer was in the Oakland Police Department property room. Later, he was "given false information indicating that his laptop computer was undergoing forensic test at their lab facilities." *Id.* at 4. The computer was never booked as

evidence, however. Crump believes officer Trevelyon Jones stole his computer. One of the exhibits to the complaint is an April 29, 2011 letter from Oakland Police Department lieutenant Danielle Outlaw to Crump, in which she wrote that "the Oakland Police Department does have possession of the laptop and it is being examined forensically. You were given instructions on how to obtain it after the investigation is complete." *See* Complaint, unnumbered exhibits (Docket # 1, p. 26 of 40). The complaint and exhibits do not indicate whether Crump attempted to comply with the instructions given to him for obtaining the computer after the investigation is complete.

### III. DISCUSSION

A. Review Of Complaint

The action is not governed by 28 U.S.C. § 1915A, which applies only to actions filed by prisoners. However, Crump has applied to proceed *in forma pauperis* and therefore is subject to the non-prisoner provisions of 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e), notwithstanding any filing fee or any portion thereof that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). Allegations that a plaintiff has been deprived of property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, however. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). Plaintiff's complaint alleges a purposeful confiscation of his computer without any pre-deprivation or post-deprivation procedural protections. The

allegations that Oakland Police Department representatives have refused to return his computer to him, liberally construed, suggest that this was not a random and unauthorized deprivation of property by officer Jones. Giving the *pro se* complaint the liberal construction to which it is entitled, it appears to state a cognizable claim for a due process violation by officer Jones and the Oakland Police Department.

B.   Crump's Letters

Crump has sent many letters to the Court since he filed this action. In several of his letters, Crump has requested that copies of a civil rights complaint form be sent to him at the Santa Rita County Jail. The Clerk will mail three copies of the form to Crump at the Santa Rita County Jail.

In several of his letters, Crump has made other requests that indicate he does not understand the Court's limited role in adjudicating his case. Crump has requested that this Court "send a copy of my petition (Crump v. Jones) to the First District Court of Appeal." (Docket # 9, # 11.) This request is denied. If Crump wants documents filed in the California Court of Appeal, he must do that filing himself. The Court does not act as a paralegal or messenger for a litigant. The Court also notes that, if this Court sent to the state court a copy of documents from this action, confusion would ensue because the receiving court would have no idea why it was receiving the documents.

Crump also has requested that this Court retrieve his laptop computer, "make sure the serial numbers do match for Officer Trevelyon Jones cannot be trusted!!," and then send the computer to his sister in Fairfield. Docket # 10. This request is denied as at least premature because Crump has not prevailed on his claims. This Court will adjudicate the claims asserted in the complaint; if Crump prevails on his claims and if the Court determines the appropriate remedy includes the return of the computer, the Court will issue an order compelling the return of the property. Neither of those things have occurred yet. Crump is cautioned that the Court does not investigate or prosecute a case on behalf of a litigant -- it is the Plaintiff's responsibility to investigate his own case and to prove his entitlement to relief.

Crump is cautioned that sending numerous repetitive letters to the Court (as he has done) does not advance his case, and indeed slows down the resolution of the case as the Court must take the time to read all the letters even if it does not grant any relief on them. If Plaintiff wants action

from the Court, he may file a motion in which he explains what he wants the Court to do and provides legal authority for the Court to do it.

### IV. CONCLUSION

1. The complaint states a cognizable § 1983 claim against Oakland police officer Trevelyon Jones and against the Oakland Police Department for a due process violation. All other claims and Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon Oakland police officer Trevelyon Jones and the Oakland Police Department.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 2, 2011**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, Defendants must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **January 9, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in

4

> opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *(See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.      If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 23, 2012**.

    4.      All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

    5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

///

///

///

7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

8.     Plaintiff's *in forma pauperis* application is GRANTED.  (Docket # 2, # 4.)

IT IS SO ORDERED.

Dated:  October 6, 2011

_____
EDWARD M. CHEN
United States District Judge