UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP, | No. C-11-2679 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| TREVELYON JONES, *et al.*, | **(Docket No. 34)** |
| Defendants. | |

## I. INTRODUCTION

In this *pro se* prisoner's civil rights action, Steve Crump has sued Officer Trevelyon Jones and the Oakland Police Department ("OPD") for violating his constitutional rights under 43 U.S.C. § 1983. Defendants now move for summary judgment and Plaintiff opposes the motion. For the reasons discussed below, the Court **GRANTS** the motion and will enter judgment in favor of Defendants.

## II. BACKGROUND

The following facts are undisputed unless otherwise noted:

On February 10, 2011, Plaintiff was arrested by campus police at Cal State East Bay University on an outstanding warrant for domestic violence. Jones Decl., ¶ 5 (Docket # 36). The arresting officers recovered a Lenovo ThinkPad laptop computer with the serial number R-OVH-Y from Crump. *Id.*, ¶ 6. Unbeknownst to Plaintiff at the time, he was under investigation for possibly authoring a threatening letter sent to a lead representative named Keith Muhammad of the Nation of Islam in Oakland. Defendant Jones of OPD was assigned to investigate the matter. *Id.*, ¶ 2-3. The letter threatened to kill Muhammad for his supposed role in the rape of the letter writer's niece. The

writer was identified in the letter as "Leann Christianson." *Id*. The investigation revealed that Leann Christianson was a professor at Cal State East Bay in Hayward. Professor Christianson told investigating officers that she had no idea who Keith Muhammad was. She informed the officers that a student of hers was gotten extremely upset over getting an "F" grade on an assignment. The student was identified as Steven Crump, the Plaintiff in this matter. *Id.*, ¶ 4. Defendant Jones learned that Plaintiff also had a prior arrest and conviction for making Terrorist Threats to former OPD Chief Richard Word. *Id.*, ¶ 5.

Defendant Jones was able to interview Plaintiff while he was still in custody. During the interview, Plaintiff made statements that led Jones to suspect him of involvement in the letter to Muhammad. Jones' investigation into Plaintiff's prior conviction revealed marked similarities between the threatening letter to former Chief Word and the letter to Muhammad. *Id.*, ¶ 7. Based on his suspicions, Jones obtained a search warrant authorizing a search of Plaintiff's laptop that had been recovered by and was in possession of the campus police. *Id.*, ¶ 8. After he was unable to access the content of the computer because it was password protected, Defendant Jones obtained a second search warrant on May 3, 2011, which authorized search of the digital content of the computer, including an attached "thumb drive." *Id.*, ¶ 9. Pursuant to the second search warrant, Jones submitted the laptop to the Silicon Valley Regional Computer Forensic Laboratory in Menlo Park, CA in order to bypass the password and search the laptop and thumb drive for evidence related to the threatening letter sent to Muhammad. *Id.*, ¶ 10. While the computer was being analyzed, Jones was informed by OPD's crime lab that Plaintiff's fingerprints were on the threatening letter sent to Muhammad. *Id.*, ¶ 11.

Meanwhile, Plaintiff's domestic violence case was dismissed on March 18, 2011, and Plaintiff was released from the Santa Rita County Jail. *See* Complaint, p. 3A (Docket # 1). Plaintiff tried to retrieve his computer and learned that Officer Jones had taken it. *Id.* Plaintiff made numerous attempts to contact officer Jones and was unable to retrieve his computer from Jones or the Oakland Police Department. *Id.* He alleges that he was told falsely that the computer was in the Oakland Police Department property room. Later, he was "given false information indicating that his laptop computer was undergoing forensic test at their lab facilities." *Id.* at 3B. According to

Plaintiff, the computer was never booked as evidence, however. Plaintiff believes officer Jones stole his computer. One of the exhibits to the complaint is an April 29, 2011 letter from Oakland Police Department lieutenant Danielle Outlaw to Plaintiff, in which she wrote that "the Oakland Police Department does have possession of the laptop and it is being examined forensically. You were given instructions on how to obtain it after the investigation is complete." *See* Complaint, unnumbered exhibits (Docket # 1, p. 26 of 40). Plaintiff filed the instant civil action on June 3, 2011.

Since filing the action, Plaintiff was arrested and convicted of making terrorist threats. On July 12, 2011, OPD contacted Plaintiff's family and informed them that his computer was available for him at the station. Opp. at 3 (Docket # 40). In light of Plaintiff's history of violence, the decision had been made that the fastest, least dangerous means of getting him off the street was to invite Plaintiff to come to the police station to ostensibly retrieve his computer and then to arrest him for suspicion of involvement in the threatening letter to Muhammad. Jones Decl., ¶ 12. Plaintiff came to the police station on July 13, 2011, and was arrested. *Id.* The Alameda County District Attorney charged Plaintiff with making terrorist threats, and Plaintiff was convicted of those charges. Evidence obtained from the forensic search of the laptop was introduced into evidence at trial. *Id.*, ¶ 13-14.

On December 9, 2011, Defendant Jones received Plaintiff's laptop from OPD officers who retrieved it from the forensics lab. On January 18, 2012, in preparation of the trial, Jones personally handed the laptop to Inspector Anthony Banks of the District Attorney's Office. As of February 22, 2012, the computer was at the Rene C. Davidson Courthouse at 1221 Fallon Street, Oakland, California.

### III. VENUE AND JURISDICTION

Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred at a prison in Monterey County, within the Northern District. This Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983.

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted.) Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find for the nonmoving party. But on an issue for which the nonmoving party will have the burden of proof at trial, as here, the moving party need only point out "[t]hat there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "[c]iting to specific parts of materials in the record" or "[s]howing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). A triable dispute of material fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the nonmoving party fails to make this showing, "[t]he moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.

## V. **DISCUSSION**

Plaintiff claims his due process rights were violated because he was wrongfully deprived of his laptop by Defendant Jones and was wrongfully detained when he was tricked into picking it up at the police station.

Plaintiff does not dispute that his laptop was properly confiscated when he was lawfully arrested by campus police pursuant to an outstanding warrant on February 10, 2011. Plaintiff's claim is that Defendant Jones "stole" his laptop or at least failed to follow protocol thereafter. However, these claims are factually refuted by the undisputed evidence submitted by Defendants. The undisputed evidence shows that the laptop was searched (and obviously held) pursuant to a warrant, and that it was submitted to and held at the forensics lab as part of a criminal investigation, pursuant to another warrant. Jones Decl., Exs. A & B (Docket # 36). Plaintiff does not dispute that evidence from the forensic analysis of the computer was used in plaintiff's criminal trial, which resulted in a conviction on the charge of making terrorist threats.

Plaintiff instead argues that Defendant Jones used a "bogus" search warrant and requests this Court to investigate the validity of the search warrant along with the proof that his computer was being forensically tested. But Defendants submitted copies of the search warrants, and Plaintiff has presented no evidence casting doubt on their authenticity.

Plaintiff also asserts that Defendant Jones lied to his family members to lure him to the police station. Plaintiff argues that Defendant Jones' actions constitute "'entrapment of retaliation,' police misconduct, false arrest, false imprisonment, [and] 'unlawful detention'" which led to plaintiff being "maliciously prosecuted and convicted" for making terrorist threats. He says this was done in retaliation of the civil suit against Jones for computer theft. Opp. at 3 (Docket # 40).

Plaintiff's contention unavoidably attacks the lawfulness of his conviction and the arrest based on the charge for which he was convicted. However, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid (such as baseless arrest not supported by charges which led to the conviction), a 42 U.S.C. § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Plaintiff was convicted, and he asserts that he "shall appeal his case." Accordingly, it is clear that the conviction has yet to be reversed on direct appeal or invalidated. Until then, Plaintiff's claim for damages is barred by *Heck*. *Id.*

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**. (Docket # 34.) Judgment will be entered in favor of Defendants and against Plaintiff. The Clerk shall close the file.

This order disposes of Docket No. 34.

IT IS SO ORDERED.

Dated: October 9, 2012

_____
EDWARD M. CHEN
United States District Judge

6